ELLEN BANZER, Appellant, *v.* ADAM BANZER et al., Respondents.

1. WILL — CONSTRUCTION — CUTTING DOWN DEVISED ESTATE. Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate.

2. DEVISE OF FEE NOT CUT DOWN TO LIFE ESTATE, WITH VESTED REMAINDER. A will contained a provision in substantially these words: I give and bequeath to my wife all my real and personal estate at present or hereafter in my possession; my real estate consisting. at present of a part of a house known as No. 220 West Thirty-second. street. *Held*, that this clear devise of the absolute fee of the described realty to the wife was not cut down to a mere life estate, with a vested remainder to the testator's children, by a subsequent provision in these words: And my personal estate, and whatever belonging to me at my death, whatsoever and wheresoever, of what nature, kind and quality soever may be, that she shall have undisputed right to do and dispose of according to her own judgment; that, after her death, my beloved children or their executor, administrator, shall divide the same, share and share alike.

*Banzer* v. *Banzer*, 11 Misc. Rep. 310, affirmed.

(Argued June 10, 1898; decided October 4, 1898.)

APPEAL from a judgment of the General Term of the late Court of Common Pleas for the city and county of New York, entered February 4, 1895, affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits on trial at Equity Term.

The action was for the partition of real property situated on West Thirty-second street in the city of New York. The property was originally owned by Michael Banzer and John Maier as tenants in common, each owning an undivided one-half. Maier subsequently conveyed his interest to Susanna Banzer, the wife of his cotenant.

Michael Banzer died in the city of New York September 28, 1882, seized of an undivided one-half interest in the property mentioned. He left him surviving the defendants John Banzer, Adam Banzer, Anna Hanf, Elizabeth Howell and Christopher Banzer, who were his only surviving children

and heirs at law. He also left a widow, Susanna Banzer, who was the mother of these children.

He left a last will and testament, which is as follows: "After all my lawful debts are paid and discharged I give and bequeath to my beloved wife, Susanna Banzer, all my real and personal estate now at present and hereafter in my possession. My real estate consisting at present of a part of a house known by the number 220 West 32d Street, 20th Ward, so as described in the deed of said house. And my personal estate, and whatever belonging to me at my dead, whatsoever and wheresoever of wat nature, kind and quality soever may be, that she shall have undisputed right, to do and dispose of, according to her own judgment, that, after her, Dead, my beloved children, or their Executor, Administrator shall divite the same Chair and Chair alike."

Christopher Banzer, a son of the testator, married the plaintiff, and died in February, 1891, leaving one child, who was also named Christopher, who died before the death of Susanna Banzer, and left the plaintiff, his mother, his only heir at law.

Susanna Banzer died intestate March 19, 1894, leaving the defendants John Banzer, Adam Banzer, Anna Hanf and Elizabeth Howell her only surviving children and heirs.

*James Kearney* and *John Mulholland* for appellant. The learned trial judge erroneously held that there was an attempt in the will to create a limitation over to the heirs of the testator, but that it was void for repugnancy after an absolute power of disposal previously given in the will. (*Baumgras* v. *Baumgras*, 5 Misc. Rep. 8; 3 R. S. [7th ed.] 2178, §§ 32, 33; 1 R. S. 723, §§ 9, 10, 13; 1 R. S. 725, §§ 24, 27; *Leggett* v. *Firth*, 132 N. Y. 11; *Greyston* v. *Clark*, 41 Hun, 130; *Crozier* v. *Bray*, 120 N. Y. 380; *Wells* v. *Seeley*, 47 Hun, 109; 1 R. S. 748, § 2; *Parks* v. *Parks*, 9 Paige, 107.) It is apparent from the language of the will that the testator intended to provide then and there for his children, and their interest vested at his death and the enjoyment only was post-

poned until the death of the widow. (*Nelson* v. *Russell*, 135 N. Y. 137; *Leggett* v. *Firth*, 132 N. Y. 7.) The law favors the vesting of estates, and wills should be so construed as to provide for descendants or posterity and prevent the disinheritance of remaindermen who die prior to the determination of the precedent estate, and expectant estates are descendible the same as estates in possession. (*Byrnes* v. *Stilwell*, 103 N. Y. 453, 460; 2 R. S. chap. 1, tit. 2, § 35; 1 R. S. 729, § 60; 1 R. S. 733, § 82; *Crooke* v. *Co. of Kings*, 97 N. Y. 450.)

*Edward W. S. Johnston* for respondents. If the language of the will can be construed as creating a remainder to the children of the testator after the death of his wife, then such remainder by the terms of such will clearly applies only to the personalty of the testator and not to this specific piece of property in question in this action. (*Siegwald* v. *Siegwald*, 37 Ill. 430; *Green* v. *Hewitt*, 97 Ill. 113; *Giles* v. *Little*, 104 U. S. 291; *Blanchard* v. *Blanchard*, 1 Allen, 223.) If the latter words of this will can be construed as creating any such remainder and also as affecting the real property of the testator, then such remainder is void for repugnancy. (*Crain* v. *Wright*, 114 N. Y. 307; *Robbins* v. *Robbins*, 9 S. W. Rep. 254; 1 R. S. 748, § 1; *Helmer* v. *Shoemaker*, 22 Wend. 137; *Jackson* v. *Robins*, 16 Johns. 538; 15 Johns. 169; *Annin* v. *Vandoren*, 14 N. J. Eq. 135; *Downey* v. *Borden*, 30 N. J. L. 460; *Jackson* v. *Coleman*, 2 Johns. 392; *Stuart* v. *Walker*, 72 Me. 145; *Ide* v. *Ide*, 5 Mass. 500; *Cohen* v. *Cohen*, 4 Redf. 48; *Pinckney* v. *Pinckney*, 1 Bradf. 269; *Adams* v. *Berger*, 27 Abb. N. C. 429; *Patterson* v. *Ellis*, 11 Wend. 260; *Norris* v. *Beyea*, 13 N. Y. 273; *Board* v. *Cornell*, 2 Redf. 261; *Dutch Church* v. *Smock*, Saxton Ch. [N. J.] 148; *Jones* v. *Bacon*, 68 Me. 34; 2 Redf. on Wills, 277.) The former words in this will clearly creating a fee, the latter words are too indefinite and uncertain to cut down such prior gift. (*Thomas* v. *Snyder*, 43 Hun, 14; *Clarke* v. *Leupp*, 88 N. Y. 228; *Roseboom* v. *Roseboom*, 81 N.

Y. 356, affg. 15 Hun, 309; *Oothout* v. *Rogers*, 59 Hun, 100; *Haight* v. *Pine*, 3 App. Div. 434; *Freeman* v. *Coit*, 96 N. Y. 63; *Thomas* v. *Troy City Nat. Bank*, 19 Misc. Rep. 470; *Thomson* v. *Hill*, 87 Hun, 111; *Rozell* v. *Thomas*, 39 S. W. Rep. 351; *Washbon* v. *Cope*, 144 N. Y. 287, 296, 297.) The death of Mrs. Banzer, referred to in the will, is intended to mean a death in the lifetime of the testator, and as Mrs. Banzer survived the testator, she took an absolute fee, and no interest in this property vested in any of the children of the testator. (*Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Stokes* v. *Weston*, 142 N. Y. 433; *Kerr* v. *Bryan*, 32 Hun, 51; *Meacham* v. *Graham*, 39 S. W. Rep. 12; 98 Tenn. 190; *Crozier* v. *Bray*, 39 Hun, 125; affd., 120 N. Y. 366.) Any interest that was given by the latter clause of this will was not determinate till the death of Susanna Banzer, and then was vested only in such persons as answer the description of children of the testator or the executor or administrator of any deceased child of such testator. (*Palmer* v. *Dunham*, 125 N. Y. 74; *Brown* v. *Nicholson*, 8 Hun, 464; *Shipman* v. *Rollins*, 98 N. Y. 311; *Nelson* v. *Russell*, 61 Hun, 528; *Magill* v. *McMillan*, 23 Hun, 193; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Miller* v. *McBlain*, 98 N. Y. 517; *Teed* v. *Morton*, 60 N. Y. 506; *Matter of Allen*, 151 N. Y. 243.) The testator and his wife held this title by the entireties, and she having survived him took the whole estate. (*Stelz* v. *Shreck*, 128 N. Y. 263; Williams on Real Prop. 208; 2 Kent's Com. 110–132, *Jackson* v. *Stevens*, 16 Johns. 113–115; *Sutliff* v. *Forgey*, 1 Cow. 89; *Doe* v. *Howland*, 8 Cow. 277; *Barber* v. *Harris*, 15 Wend. 616; *Snyder* v. *Sponable*, 1 Hill, 567; *Dias* v. *Glover*, 1 Hoff. Ch. 71; *Beach* v. *Hollister*, 3 Hun, 519; *Goelet* v. *Gori*, 31 Barb. 314; *Freeman* v. *Barber*, 3 T. & C. 574; *F. & M. Nat. Bank* v. *Gregory*, 49 Barb. 155; *Torrey* v. *Torrey*, 14 N. Y. 430; *Pollok* v. *Kelly*, 6 Irish C. L. R. 373; *Hiles* v. *Fisher*, 144 N. Y. 306.)

Martin, J. The plaintiff bases her right to maintain this action upon the will of Michael Banzer, deceased. She insists

that under its provisions an estate vested in her husband as one of the children of the testator, subject only to a life estate in the testator's wife; that upon the death of the plaintiff's husband it passed to her son, and upon the death of the latter it descended to her. Thus, the material question to be determined is whether, under the will of Michael Banzer, any interest in the real estate in question passed to or became vested in his children, of whom the plaintiff's husband was one. This depends upon the testator's intent, which must be sought for in his will, read in the light of the surrounding facts and circumstances. Was it his purpose to devise to his children a vested remainder in the real property given to his wife, or was the devise to her intended to convey the absolute fee? At the time of his death his wife was the owner as tenant in common with him of one undivided one-half of the real property sought to be partitioned. The provisions of the will relating to his real estate are substantially as follows: I give and bequeath to my wife all my real and personal estate at present or hereafter in my possession; my real estate consisting at present of a part of a house known as number 220 West 32d street. These are the only provisions which in any way refer to the real estate of the testator. Those provisions disclose a clear and manifest intent to devise to his wife the real estate in question, and to vest in her an absolute fee to the property. No clearer or more decisive language could have been employed to effectuate that purpose.

After that provision he, however, adds: And my personal estate, and whatever belonging to me at my death, whatsoever and wheresoever, of what nature, kind and quality soever may be, that she shall have undisputed right to do and dispose of according to her own judgment; that, after her death, my beloved children or their executor, administrator, shall divide the same, share and share alike. The appellant contends that the last provision should be regarded as a part of the provision by which the real estate was devised; that it modifies it, and evinces an intention upon the part of the testator to cut down the devise to his wife to a mere life estate in the house

described, and to convey a vested remainder to his children to be enjoyed by them after her death. We think the construction contended for should not obtain. It seems quite obvious that the intention of the testator to devise his real estate to his wife was not affected by the subsequent provision which relates to property other than the real property described. The language of the first provision shows a clear and positive intent to devise to his wife the house and lot described. It is plainly identified and the devise is absolute without limitation or restriction.

It may be said that the first clause also refers to the testator's personal estate. That is true. But it refers only to such as was or might be in his possession. It is quite probable that the testator's purpose was to give his wife an absolute title to such of his personal estate as was in his actual possession, as his household furniture and the like, and that the subsequent clause was intended to apply only to such other personal property as he might own at his death. But be that as it may, we think it is quite apparent that that clause was not intended and cannot be held to affect or cut down the devise of his real estate to his wife. Its provisions are distinct and disconnected from the clause disposing of the real estate in suit. The manifest purpose of that provision was to dispose of the remainder of his property not previously and specially devised, and not to change or modify the previous provisions of his will. The portion of his property mentioned in the last clause, he gave his wife an unqualified right to dispose of according to her judgment, with a provision that after her death it should be divided between his children. While, if it stood alone, it might be proper to construe this last provision as relating to all the property of which the testator died seized, still, upon reading the whole will in the light of the existing circumstances and applying the established canons of construction, it is quite evident that that provision should be held to relate to his property other than the real estate described, and that it was not intended to limit or cut down the estate he had already devised

to his wife by the previous clause of his will. Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate, is a well-established rule applicable to the construction of wills. As was said by Judge O'BRIEN in *Goodwin* v. *Coddington* (154 N. Y. 283, 286): "Whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it."

In *Clarke* v. *Leupp* (88 N. Y. 228, 231) this court said: "It is well settled by a long succession of well-considered cases, that when the words of the will in the first instance clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent." In *Roseboom* v. *Roseboom* (81 N. Y. 356), where the will of the testator provided, "I give and bequeath my beloved wife, Susan, one-third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow, * * * and at the death of my wife all my property, both real and personal, to be equally divided between my eight children," this court held that the widow took an absolute fee in one-third of the premises, and quoted the rule in *Thornhill* v. *Hall* (2 Clark & Fin. 22) as sustaining that decision. In *Byrnes* v. *Stilwell* (103 N. Y. 453, 460) it is said: "An estate in fee created by a will cannot be cut down or limited by a subsequent claim, (clause) unless it is as clear and decisive as the language of the clause which devises the estate," citing *Thornhill* v. *Hall* (*supra*); *Roseboom* v. *Roseboom* (81 N. Y. 356, 359); *Campbell* v. *Beaumont* (91 N. Y. 467) and *Freeman* v. *Coit* (96 N. Y. 63, 68). In *Washbon* v. *Cope* (144 N. Y. 287) the rule that courts will refuse to cut down an estate already granted in fee or absolutely when the supposed terms of limitation are to be

found in some subsequent portion of the will, and are not clear in themselves, unmistakable and certain, so that there can be no doubt of the meaning and intention of the testator, was again recognized and followed. The same principle was held in *Benson* v. *Corbin* (145 N. Y. 351).

Applying the rule so firmly established in this state to the will under consideration, it becomes quite obvious that the devise by the testator to his wife of the real estate described in his will, was not affected, nor her estate therein lessened or diminished, by the provisions contained in the second clause of the will to which we have adverted.

There is no force in the claim of the respondents that the testator and his wife held the title to the real estate in question as tenants by the entirety, and that she, as survivor, took the whole. This court has already held in *Jooss* v. *Fey* (129 N. Y. 17) that a woman may take and hold real property as a joint tenant with her husband, and where by the deed it appears that the intent was to convey to her not as a wife, but separately, she has a right to dispose of her interest independently of her husband, and the relation of tenant by the entirety does not arise. Moreover, in this case the court below so held, and as the defendants have not appealed, the question is not here for determination.

We are of the opinion that the plaintiff had no title to the premises in question; that the complaint was properly dismissed, and that the judgment appealed from should be affirmed, with costs.

All concur, except VANN, J., not voting.

Judgment affirmed.