## MEE v. GORDON et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

WILLS—CONSTRUCTION—LIFE ESTATE—PERPETUITIES.

>    A will devised testator's estate equally to certain devisees, but a subsequent clause directed that the share of one devisee should be invested by the executor for the benefit of the devisee during life, and for his wife and issue after his death. *Held*, that the devisee did not take a life estate in the real estate, inasmuch as to construe it as giving him a mere life estate would render the provision void, under Real Property Law, § 32 (Laws 1896, p. 565, c. 547), as a suspension of the power of alienation for the life of the devisee, his wife and issue, and, moreover, there being no power of sale given, the executor could not sell and invest.
>
>    Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action for partition by Herbert Mee, an infant, by his guardian, etc., against Henry W. Gordon and others. From a judgment (92 N. Y. Supp. 159) in favor of plaintiff, certain defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry W. Bookstaver, for appellant Heubner.

George H. Tayler, Jr., for appellant Gordon.

Gerard Roberts, for respondent.

McLAUGHLIN, J. The plaintiff claims that he is the owner of an undivided one-eighth interest in certain real estate in the city of New York, and has procured an interlocutory judgment establishing such claim and directing a partition. The appellants deny that he has any interest in the real estate, and the question to be determined is one of law, there being no dispute as to the facts, which are as follows: Harriet M. Kemp died on the 6th of November, 1899, seised of the premises described in the complaint. She left a last will and testament, which was admitted to probate, by which she first gave all of her property, both real and personal, to her husband, William M. Kemp. The will then contained the following provision:

"In the event of my husband and myself dying at one and the same time, or within a short period of each other, I give, devise and bequeath my estate to be equally divided between my sister Elizabeth Illensworth, my brother John B. Mee, my nephew William P. Illensworth, and my niece Florence C. Illensworth, share and share alike. I hereby direct that the share due my brother John B. Mee be invested by my executor for his benefit during his natural life and for the benefit of his wife and his issue after his death."

William M. Kemp, the husband, died a few days prior to the testatrix, and the question to be determined turns upon whether the brother, John B. Mee, upon the death of the testatrix took a life estate or an absolute fee to the real estate in question. The brother, apparently acting upon the assumption that he had the fee title to an undivided one-fourth interest in such estate, on the 3d of May, 1901, conveyed the same to the appellant Gordon. Shortly thereafter Mee died intestate, leaving a widow and an infant son, this plaintiff, who, by guardian, has brought this action

upon the theory that his father only had a life estate, and upon his death one-eighth of such real estate descended to him. The learned justice sitting at Special Term sustained the contention of the plaintiff, and, from a judgment entered upon a decision to this effect, Gordon has appealed.

I am of the opinion the judgment should be reversed. The testatrix, in the first sentence of the clause of the will quoted, devised the real estate in question absolutely to the four persons named therein, in equal shares. Her intent to make such disposition of it is expressed in appropriate words in such a way that it cannot possibly be misunderstood; and, were it not for the succeeding sentence, no doubt whatever could be raised on that subject. The succeeding sentence, however, tends to render the preceding one somewhat obscure, inasmuch as it would seem to possibly indicate that she desired to give to the brother only a life estate, and after his death a life estate to his widow and this plaintiff. This attempt, however, was ineffectual, under a well-recognized rule applicable to the construction of wills. To give the clause this construction would render it void, so far as the brother was concerned, inasmuch as it would suspend the power of alienation for the life of the brother, his wife, and this plaintiff (section 32, Real Property Law; Laws 1896, p. 565, c. 547); and to this extent, at least, the testatrix would have died intestate—a thing which, clearly, she did not desire.

Where a will is subject to either of two constructions, one of which will give effect to it, and the other render it void, then such construction is to be given as will prevent intestacy, if that result can be obtained by a reasonable and unstrained interpretation. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377; Weeks v. Cornwell, 104 N. Y. 325, 10 N. E. 431; Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709; Jones v. Hand, 78 App. Div. 56, 79 N. Y. Supp. 556, affirmed 175 N. Y. 519, 67 N. E. 1084.

It is also a well-recognized rule that an absolute gift is not cut down or limited by subsequent language used, unless the intent to do so appears in as clear and unmistakable language as that which expresses the absolute gift. Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291; Goodwin v. Coddington, 154 N. Y. 283, 48 N. E. 729; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Byrnes v. Stilwell, 103 N. Y. 453, 9 N. E. 241, 57 Am. Rep. 760.

In Banzer v. Banzer, supra, Judge Martin, calling attention to this rule, said:

"Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate."

And he cited with approval Goodwin v. Coddington, supra, where the court said, "Whenever the will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention in that direction as the prior part does to make

it," and Clarke v. Leupp, 88 N. Y. 228, where it was said that it was "settled by a long succession of well-considered cases that when the words of the will, in the first instance, clearly indicate a disposition in the testator to give the entire interest, use, and benefit of the estate absolutely to the donee, it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent."

The testatrix, as already indicated, gave a one-fourth interest in the real estate in question to her brother John, and gave it in such a way that her intent could not be misunderstood, and it is difficult to tell what she intended to accomplish by inserting the following words: "I hereby direct that the share due my brother John B. Mee be invested by my executors for his benefit during his natural life and for the benefit of his wife and his issue after his death," and the difficulty is increased when the whole will is considered. The executors could not sell the real estate, because there is no power of sale anywhere to be found in the will. Therefore she must have had in mind property other than real estate, because, unless there was power of sale contained in the will, the executors could not sell, and, if they could not sell, of course they could not invest the proceeds.

I am of the opinion, therefore, that the plaintiff had no title to the premises in question, and for that reason the judgment appealed from should be reversed; and, inasmuch as the facts are not disputed, the complaint should be dismissed upon the merits, with costs in this court and in the court below. All concur, except PATTERSON, J., who dissents.

INGRAHAM, J. I do not think that it was the intention of the testatrix that the real estate that she had devised to her brother should be included in the share that she directed her executors to invest for his benefit. Just what the testatrix intended is not at all clear. There is nothing to show that she intended to give to her brother John B. Mee an estate for life in her real property, with remainder over to his wife and issue. There is no evidence as to how much, if any, personal property the testatrix had when she died. She evidently had some idea of creating a trust of some kind in favor of her brother, and the words used would be proper if applied to personal property; but they are most inappropriate if applied to real estate, especially where no power of sale is given to the executors. This conclusion, I think, is justified by the case of Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291. See, also, Goodwin v. Coddington, 154 N. Y. 283, 48 N. E. 729, where Judge O'Brien says, "Whenever the will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention in that direction as the prior part does to make it."

I agree, therefore. that the judgment be reversed and the complaint dismissed.