(110 App. Div. 399.)

### ILLENSWORTH v. ILLENSWORTH et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. WILLS—CONSTRUCTION—TIME OF EXECUTION.

Where testatrix executed her will during her husband's lifetime, and after his death executed a codicil, which was in effect a re-execution and publication of the will as of the date of the execution of the codicil, the will must be construed as executed after the death of the husband.

· [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1004–1009.]

2. SAME—INTEREST BEQUEATHED—LIFE ESTATE—GIFT OVER.

Testatrix bequeathed her personalty to four legatees named, and in a subsequent clause she directed that the share given to one of the legatees should be "invested" by the executors "for his benefit during his * * * life, and for the benefit of his wife and his issue after his death." *Held*, that the legatee only took a life estate, and on his death the fund invested by the executors passed to his wife and issue.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1398–1401.]

3. SAME—ACTION TO CONSTRUE—FEES—ALLOWANCE TO GUARDIAN AD LITEM—HOW PAID.

The allowance granted to a guardian ad litem, in a suit to determine the construction of a bequest as between the administratrix of a deceased legatee and his issue, represented by the guardian, should not be paid out of the whole estate disposed of by the will, but out of the interest of the issue.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1685, 1686.]

Appeal from Special Term, New York County.

Action by Elizabeth Illensworth, as executrix of the will of Harriet Kemp, deceased, against William P. Illensworth and others, for the construction of the will of deceased. From a judgment construing the will (79 N. Y. Supp. 410), plaintiff and defendant William P. Illensworth appeal. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Jacob Fromme, for appellants.
Gerard Roberts, for respondents.

INGRAHAM, J. The question presented depends upon the construction to be given to the will of Harriet M. Kemp as affecting her personal property. The will is dated the 14th day of July, 1897,

at which time there were living the testatrix's husband, a sister, brother, nephew, and niece, her heirs at law. · Her husband died on the 20th of April, 1899; whereupon the testatrix, on the 13th of July, 1899, executed a codicil to her will. On the 16th of November, 1899, the testatrix died, and on the 4th of January, 1900, the will and codicil were duly admitted to probate by the surrogate of the county of New York. Subsequently, in September, 1901, the testatrix's brother, John B. Mee, died intestate, leaving him surviving his widow, the defendant Emma W. Mee, and the defendant Herbert Mee, his son and only next of kin, and letters of administration were issued to his wife. The will first devised and bequeathed to the testatrix's husband all her property, " to him absolutely and forever"; and then followed this clause:

"In the event of my husband and self dying at one and the same time, or within a short period of each other, I give, devise, and bequeath my estate to be equally divided between my sister, Elizabeth Illensworth, my brother, John B. Mee, my nephew. William P. Illensworth, and my niece, Florence C. Illensworth, share and share alike. I hereby direct that the share due my brother, John B. Mee, be invested by my executors for his benefit during his natural life and for the benefit of his wife·and his issue after his death."

The execution by the testatrix of the codicil after the death of her husband was, in effect, a re-execution and publication of the will as of the date of the execution of the codicil. The will must therefore be construed as executed after the death of the husband. The question presented is, what interest John B. Mee and his wife and child took in the personal property at the death of the testatrix.

There can be no question but that the first clause of this provision under consideration would have given to the brother, John B. Mee, absolutely, one-fourth of the testatrix's personal property, were it not qualified by the last clause, and the rule is well settled that an absolute gift is not cut down or limited by subsequent language used in the will, unless the intent to do so appears in as clear and unmistakable language as that which expresses the absolute gift. Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291. The question is, what effect, if any, should be given to this direction:

"I hereby direct that the share due my brother, John B. Mee, be invested by my executors for his benefit during his natural life and for the benefit of his wife and his issue after his death."

The testatrix evidently had a clear intention that something that she had given to her brother in a former clause of the will should not become his absolutely, but should be, as she said, "invested" for his benefit during his life. She had devised to her brother, John B. Mee, one undivided fourth of her real property, and had also bequeathed to him one undivided fourth of her personal property. We held, in a case involving the title to the real estate which passed by the will, that this provision did not so clearly indicate an intention to limit the title to the testatrix's real estate which passed to her brother, that it cut down or limited the absolute estate granted, because the word "invest" which was used to indicate the intention of the testatrix as to the portion of her estate that was intended to be affected by this clause could not apply to real estate, where the testatrix gave to

her executors or trustees no power of sale, and we did not, therefore, think that this subsequent clause had the effect of cutting down the absolute devise to John B. Mee of the testatrix's real estate. Mee v. Gordon, 104 App. Div. 520, 93 N. Y. Supp. 675. It was an apt word, however, to use in relation to personal property. It clearly indicated, I think, that the testatrix's intent was that, so far as her personal property was concerned, it should be kept invested during the life of her brother, John B. Mee, for his benefit; and I think this clause should be given the effect of cutting down the bequest of an undivided fourth of the testatrix's personal property to her brother, John B. Mee, from an absolute gift to a gift of the income during his life. That she intended this clause to apply to something that she had given to her brother is clear; and it seems to me that the only thing that it could apply to was Mee's share in the testatrix's personal estate. It is undoubtedly true that there is some expression in the prevailing opinion when this will was formerly before this court, which would indicate that the court considered that if this clause was held to be effective to cut down Mee's interest, it would be void as a violation of the provisions as to the suspension of the absolute ownership of the property; but that case had relation only to the real estate, and it is clear from the opinion taken as a whole that we were only considering the application of this concluding clause to the real property of the testatrix. Assuming, therefore, that the testatrix intended that something should be affected by this clause, and that from the language used, it could only be her personal property, she clearly intended to limit the interest that her brother should have in her personal property to the beneficial interest therein during his life.

The next question presented is, what became of that property upon his death? I think the answer to this question is perfectly clear. She wished the property invested for the benefit of John B. Mee during his life, and after his death for the benefit of his wife and issue. There is nothing here to indicate that it was her intention to continue the investment after the death of her brother. There is no direction to invest or to keep invested the property during the lives of her brother's wife and issue, but the investment was to continue during the life of John B. Mee, and was to be for the benefit of his widow and issue after his death. If this clause had provided that the share was to be invested by the executors for Mee's benefit during his life, and paid to his wife and issue after his death, there would be no doubt of the testatrix's intention, and it seems to me that this is just what the testatrix intended. The result, I think, is that the testatrix clearly intended to cut down the interest given to her brother in the personal estate, to a beneficial use of that interest during his life, and that upon his death, the estate thus kept invested during Mee's life should go to and be paid to his wife and issue upon his death; and this, I think, is the construction that we should give to this will. If the will was, as it is claimed by counsel for the executors, prepared by a lawyer, he certainly has admirably succeeded in concealing the intention of the testatrix, and is entitled.

to the credit of having imposed a considerable expense upon the estate, as well as considerable trouble upon the courts.

The appellant also objects to an allowance granted to the guardian ad·litem. We think this allowance was properly granted, but it is not fair that the whole estate should bear the burden of determining this question as between the administratrix of Mee and his issue. I think, therefore, that this allowance should be paid out of the interest of the infant, and not out of the whole estate, and that the judgment should be modified in that respect.

It follows that the judgment appealed from should be modified as before indicated, and, as modified, affirmed, with costs to the plaintiffs as executors, to be paid out of the estate, and with costs to the guardian ad litem of Herbert Mee, to be paid out of the infant's interest in the estate. All concur.