(57 Misc. Rep. 507)

BENNETT et al. v. McLAUGHLIN.

(Supreme Court, Trial Term, Westchester County. February 11, 1907.)

Wills—Construction—Devise—Fee Simple.

A testator by his will bequeathed all his property to his wife, with right to dispose of the same as she should deem proper, and expressed the desire that, if anything remained at her death, she divide the same between their children as she thought just. *Held*, that the provision of the will devised the real estate of which the husband died seised to the wife in fee, and she had power to devise the same in her will as she saw fit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1340–1350.]

Action by Mary J. Bennett and others against Andrew McLaughlin. Verdict directed for defendant.

W. Tazewell Fox, for plaintiffs.
James Dempsey, for defendant.

MILLS, J. This is an action of ejectment brought by the plaintiffs against the defendant to recover the possession of a house and lot situated in the village of Peekskill, Westchester county. Upon the trial, at the close of the evidence, it was apparent that the case turned upon the determination of the legal question of the construction of the will of John Murphy, deceased, and each party moved that the court direct a verdict in its favor. It was then consented and stipulated by the counsel of both parties that the decision of these motions should be reserved, until counsel had prepared and submitted briefs, and the court had opportunity to consider such briefs. Those briefs have now been submitted and considered, and the court concludes that the motion of the defendant that the verdict be directed in his favor should be granted, and that the corresponding motion of the plaintiffs should be denied.

The plaintiffs claim to be the owners of the premises as the heirs at law of their father, the said John Murphy; and the defendant, who is in possession of them, claims to be the owner of them as the devisee of his wife, Ann McLaughlin, who was the widow of said John Murphy, and who, the defendant claims, became the owner of the property by virtue of a devise contained in the will of said John Murphy.

The following is the devise referred to as contained in said will, viz.:

"First. After all my lawful debts are paid and discharged, I give, devise and bequeath to Ann Murphy my wife for her industry and good management of our domestic affairs all my property both real and personal of all and every kind wherever the same may be and all and every kind of interest claim or demand which I now have or may hereafter have or may arise after my decease and I desire that my said wife at my decease shall take my place and

shall have the right to sell and dispose of all or any of my real or personal estate, as she may deem proper and for the best interest of our children and lastly if anything is left, it is my desire that she shall divide the same between our children as she in her good judgment may consider just and fair."

The said John Murphy, at the time of his death, was the owner in fee and in possession of the property. The contention of the defendant's counsel is that the said provision of his will devised the said property as his real estate to his wife, in fee; and that therefore she had full power and authority by her will to devise the same to the defendant. The contention of the plaintiffs' counsel, on the other hand, is that said provision did not devise such property to Ann Murphy in fee, but effectually devised the same, at her death, to the children of the testator and of her. These contentions present the question of the true construction of such provision of the will of John Murphy.

The general rule appears to be well established that:

"Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate." Banzer v. Banzer, 156 N. Y. 429, 435, 51 N. E. 291.

It seems clear that, if the language of the provision under consideration had stopped with the words, "as she may deem proper," an estate in fee would have been devised to the testator's widow. Foose v. Whitmore, 82 N. Y. 405, 407, 37 Am. Rep. 572; Clarke v. Leupp, 88 N. Y. 228; Campbell v. Beaumont, 91 N. Y. 464. The words following, "and for the best interest of our children," were not sufficient to create a trust or remainder in their favor. Clarke v. Leupp, 88 N. Y. 228; Holder v. Holder (2d Dept.) 40 App. Div. 255, 59 N. Y. Supp. 204; Banzer v. Banzer, 156 N. Y. 429, 51 N. E. 291. These authorities indicate that such words are to be construed, not as intended to limit the absolute gift or devise before made, but as indicating the testator's motive in making the same. This view is, in this particular case, strengthened by these words contained in the provision, viz.: "I desire that my said wife at my decease shall take my place." These words seem to indicate that the testator's intention was, as to his property, to put his wife, after his death, in precisely the same position which he then held, viz., that of absolute ownership.

The difficulty, if any there be, in construing this provision of the will, arises in reference to the last clause, viz., "and lastly if anything is left, it is my desire that she shall divide the same between our children as she in her good judgment may consider just and fair." It is my opinion that this clause should not be construed or given effect so as to create or charge a trust or claim upon the property in favor of the children of the testator, the plaintiffs in this action, after the death of their mother, in case she should not, in her lifetime, dispose of it; but that it should be construed merely as expressing the testator's wish or suggestion, not obligatory upon the devisee, his wife. Post v. Moore, 181 N. Y. 15, 20, 73 N. E. 482, 106 Am. St. Rep. 495; Campbell v. Beaumont, 91 N. Y. 464; Foose v. Whitmore, 82 N. Y. 405, 37 Am. Rep. 572. Such was the view taken by the Court

of Appeals of similar expressions contained in the wills reviewed in the authorities just cited. Thus, in the Foose Case, supra, the language construed was:

"I, * * * do give and bequeath all my property, real and personal, to my beloved wife, Mary, only requesting her, at the close of her life, to make such disposition of the same among my children and grandchildren, as shall seem to her good."

And in the Campbell Case, supra, the language construed was:

"I leave to my beloved wife, Mary Ann, all my property * * * to be enjoyed by her, for her sole use and benefit, and in case of her decease, the same, or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son Charles." 91 N. Y. 464, 465.

And in the Post Case, supra, where the will had devised and bequeathed all the testator's property to his wife absolutely, this language followed, viz.:

"It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law." (181 N. Y. 17, 73 N. E. 483, 106 Am. St. Rep. 495.)

And it was decided that such clause conveyed nothing to the sister-in-law, but was merely an expression of a wish on the part of the testator, and did not create or charge any trust in her favor upon the estate.

While the language construed in neither of these three cases is exactly like the language in the provision here under construction, I think that the principles which govern and determine the construction adopted by the Court of Appeals in each of those cases is applicable to this case, and require the construction here adopted by this court.

Upon the whole, it seems to me that the real intention of the testator, John Murphy, was to give his property absolutely to his wife, whom he evidently recognized as having by "her industry and good management of our domestic affairs" been at least a partner with him in its acquisition, and to put her, after his death, precisely in his place, making her then as much the owner of and authorized to dispose of the same as he himself was at the time of making his will; expressing the wish, however, that she might leave whatever she might not dispose of in her lifetime to their children in such distribution as she might consider just and fair.