(69 Misc. Rep. 269.)

BLOODGOOD et al. v. LEWIS et al.

(Supreme Court, Special Term, New York County. October, 1910.)

WILLS (§ 684*)—CONSTRUCTION—TRUST ESTATE.

    Testator created a trust for his four children for life, the income to be paid to them, but provided that the income for his daughter M. should be paid to another daughter, R., and by her applied to the care of M., if M. should be of unsound mind or incapable of managing her affairs. By a codicil testator left to his trustees to determine the fact of M.'s unsoundness. *Held*, that the right of M. to the entire income from her share was not affected, and the surplus not required by M. for her comfortable support remained the property of M.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1623; Dec. Dig. § 684.*]

Action by William E. Bloodgood and others against Thomas Lewis and others to construe a will. Judgment for an accounting.

Henry H. Man, for plaintiffs.
Joseph H. Choate, Jr., for defendants John A. Lewis et al.
Frederick Wiener, for defendant Thomas Lewis.
George V. Brower, Charles H. Kelby, and William P. Maloney, for defendant Kings County Trust Company.

BISCHOFF, J. The single question presented concerns the disposal of income derived from a trust fund created by the testator, Thomas Lewis, for his daughter Mary, now deceased. By his will the testator directed that his residuary estate be held in trust, the income divided into four equal parts and paid to his four children, with the proviso, as to the share of Mary, that the income payable to her should be paid to her sister Rosetta, if, in the latter's judgment, Mary should be of unsound mind or incapable of managing her own affairs, and, during the continuance of that condition, the income to be applied by Rosetta to the care and comfort of Mary "during such period

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of unsoundness or incapacity." In the event of the death of Rosetta during Mary's lifetime, the will further provided that the remaining executors or trustees should apply the share of Mary to her support "while she so continues incapacitated." So far, there was undoubtedly a gift to Mary of the income of this one-fourth share; the whole amount being payable to her sister, as custodian, in the event of Mary's incapacity to manage her affairs. There is nothing to indicate that Rosetta's possession was that of a trustee to accumulate the income for some indefinite purpose, nor is it to be assumed that the testator intended to direct an accumulation void in law. Mary was given her share of this income, simply with the proviso that, under certain conditions possibly of brief duration, Rosetta was to have the physical custody of the funds; but the lawful ownership was in Mary, as a matter of intention on the testator's part, clearly expressed. .

A codicil, made some two years after the execution of the will, reads as follows:

"Whereas, in and by the Eighth clause of said will I did provide that my daughter Rosetta E. Lewis should be the sole judge as to whether my other daughter Mary Elizabeth Lewis should be at any time thereafter of unsound mind or incapable of managing her own affairs, and did impose upon the said Rosetta the duty of exercising such judgment and discretion, and I did also direct that in case in the judgment of said Rosetta my daughter Mary Elizabeth should continue of unsound mind or incapable of managing her own affairs, that then the share of the rents and income of the trust estate created by my will which would otherwise be payable to said Mary Elizabeth should be paid by my executors and trustees to the said Rosetta to be applied by her to the care and comfort of said Mary Elizabeth during such period of unsoundness or incapacity; and I being now unwilling to impose upon said Rosetta, by reason of her feeble state of health, the duty of judgment in regard to the mental condition of her sister, do hereby revoke and annul so much and such parts of my said will as impose the said duty upon the said Rosetta; and in place thereof I do hereby provide that the said duty of judgment and discretion as to the mental condition of the said Mary Elizabeth at any time hereafter shall be exercised by the trustees for the time being of the trust estate by said will created, who, in case the said Mary Elizabeth shall, in their judgment, be at any time of unsound mind or incapable of managing her own affairs, shall pay over, in their discretion, so much of the income of said trust for my daughter Mary Elizabeth as may be required for her comfortable care and support to my said daughter Rosetta, whom I request to assume the duty of the application of such moneys received by her to the use of the said Mary Elizabeth for the purpose of insuring her comfortable care and support."

It is urged by the parties who would answer the description of persons presumptively entitled to the next eventual estate in the trust fund that this codicil left the income of Mary's share, not applied to her support, undisposed of; while, on behalf of the executor under her will, the contention is that this income remained her property. In my opinion the codicil did not operate to change the character of the absolute gift of the income, as made by the will, and the fund in controversy is payable to the Kings County Trust Company, as executor.

It is to be noted that the testator expresses himself in this codicil only with reference to the duty imposed upon Rosetta of exercising judgment as to Mary's mental condition. He does not attempt to alter the provisions of the will whereby this one-fourth share of the income is given to Mary. Presumably he had in mind the gift and the proviso

attaching to it, a proviso which placed the unexpended income in the hands of a custodian for the beneficiary; and, when executing the codicil he had in mind, as his words would explain, not the prospect of changing the beneficiary's interest, or title, but solely the advisability of relieving Rosetta from a burdensome duty. To this end he substituted the trustees' judgment for Rosetta's judgment; and, as an incident, he also substituted their possession for hers, as custodians of the income not expended. This I take to be his natural and actual intention as operating upon the subject then before him. Certainly his words, as employed in the codicil, do not go far enough to revoke the absolute gift made by the will; and what he did intend to revoke he states with particularity, excluding anything more. The will and codicil must, of course, be read together; and "a codicil will not operate to revoke a previous devise or bequest beyond the clear import of the language used." Goodwin v. Coddington, 154 N. Y. 286, 48 N. E. 730.

In the fact that an actual gift of the income itself was made to Mary, not merely of so much as should be expended for her, lies the distinction between this case and the various reported cases cited to the proposition that surplus income, not expended for a beneficiary, in the exercise of discretion reposed in the trustee, passes as income undisposed of by the terms of the trust; and the question is not affected by the circumstance that the trustees had continued to consider this beneficiary incapable of managing her affairs to the time of her death. Upon the question of ownership under the will, this was wholly unimportant, since, whatever the exercise of judgment by these trustees, they were custodians of the income, as it accrued, for this beneficiary, and the will imported no condition which should divest her of an ownership which had once attached. There should be judgment for an accounting accordingly. I have indicated upon the proposed findings submitted my disposal of the requests to find.

Judgment accordingly.