(81 Misc. Rep. 469.)

## In re WAGMAN.

(Surrogate's Court, Saratoga County.   June, 1913.)

WILLS (§ 825*)—CONDITIONS OF BEQUEST—FORFEITURE.

Where a will gave to certain persons each one-half of the use and income of all the estate for life upon condition that they pay certain legacies, and where an executor of the estate under the supposed authority of an invalid probate paid such legacies and annuities, failure of the residuary devisees to pay them personally did not forfeit their rights to the residuary estate and leave it unbequeathed, especially where the deceased legatee, whose executor was the only person objecting, appeared at the judicial settlement of such executor's accounts and did not appeal from the decree thereon.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2124–2127; Dec. Dig. § 825.*]

Judicial settlement of the account of Lewis S. Wagman, as executor of the estate of Rachel Wagman, deceased.   Decreed according to opinion.

Corliss Sheldon, of Saratoga Springs, for Lewis S. Wagman, executor.

Jesse Stiles, of Saratoga Springs, for John H. Raynor, contestant.

OSTRANDER, S.   Rachel Wagman died September 11, 1897, leaving a will, which was recorded in the office of the surrogate of the county of Saratoga on the 14th day of February, 1898, as having been duly proved.   This probate was made as against John Wagman, Sarah Wagman Raynor, and Nicholas Wagman upon the strength of a waiver of citation signed by them, but never acknowledged.   Upon discovery of this omission the will was again duly admitted to probate on the 13th day of January, 1912.   The will named Lewis S. Wagman and Nicholas Wagman as executors, but Lewis alone qualified.   The will provided for payment of an annuity of $20 to Laura A. Losee, also a legacy of $200 to be paid to Flora Wagman from the principal of the estate, two years after the death of the testatrix.   By the third clause testatrix bequeathed to her sister, Sarah Wagman, afterwards Sarah Wagman Raynor, one-half the use and income of all her estate during her natural life of said Sarah.   By the fourth clause testatrix bequeathed one-half of the use and income of all her property unto Lewis S. Wagman during his natural life.   By the fifth clause, she provided that this "devise and legacy" to said Sarah and to said Lewis was made "upon the express condition that they pay each of the foregoing legacies."   By the sixth clause, she gave, after the death of said Sarah and said Lewis, the rest of her estate to her brothers, Nicholas and John Wagman, further providing that this "devise and legacy" to Nicholas and John was "upon the express condition that they pay each of the foregoing legacies."

Under the supposed authority of the first probate proceedings, Lewis Wagman, executor, proceeded with the administration of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

estate. He paid Laura Losee $20 per year down to the time of this proceeding. He paid Flora Wagman her legacy out of the principal of the estate. He paid Sarah Wagman Raynor the income of one-half of the estate down to the 1st day of July, 1912, and files several vouchers covering the period from Rachel's death down to July 1, 1912, in which Sarah Wagman Raynor receipts to him for divers sums in full for her one-half of the income of said estate up to said several dates; the last being July 1, 1912. Sarah Wagman Raynor died January 20, 1913.

On January 29, 1912, a decree was entered in the Surrogate's Court, after due citation of Sarah Wagman Raynor, judicially settling the account of the executor. Such account included the receipts and disbursements of said Lewis S. Wagman, and his payment of said annuities and income accounts to Laura Losee, Flora Wagman, and also to Lewis S. Wagman and Sarah Wagman Raynor up to April 1, 1911. Said Sarah appeared upon this accounting by attorney and never appealed from the decree.

It is undisputed upon this hearing that John Wagman, Nicholas Wagman, Lewis S. Wagman, and Sarah W. Raynor did not personally pay the legacies to Laura Losee and Flora Wagman, and that John and Nicholas did not personally pay the legacies to Lewis and Sarah. Upon this state of affairs the contestant, Raynor, as executor of Sarah Wagman Raynor, claims that John Wagman and Nicholas Wagman, by reason of their failure to personally pay said legacies, forfeited their right to the residuary estate, and that the residuary estate was therefore left undivided and unbequeathed, and that it thereupon vested in Sarah Wagman Raynor, John Wagman, Nicholas Wagman and Lewis S. Wagman, as heirs at law and next of kin of the deceased, and that Sarah Wagman Raynor became entitled to one-fourth thereof which passed to the contestant.

I do not perceive in what manner the interest of Sarah Wagman Raynor, or her estate, could have been bettered by the payment of these other legacies by John and Nicholas Wagman personally. The only effect of such payment by them would have been: (a) To increase the income payable to her to the extent of one-half of the income on twenty dollars payable annually to Laura Losee; and (b) to increase the amount of the estate which would be finally received by John and Nicholas, and none of which would go to Sarah Wagman Raynor. She received and receipted for all the income of the estate down to July 1, 1912. From that time Rachel's executor seeks to account to her estate for the income down to the time of her death.

No one objects to this account except Mr. Raynor.

If the executors had not paid the $20 annually to Laura Losee out of the corpus of the estate, there would have been one-half of this amount, or $10 annually from which said Sarah would have been entitled to the income. But it does not appear that this $10 could have been invested so as to produce any substantial income above the expenses of its investment, and inasmuch as she was a party to the settlement of the executor's accounts down to the 1st day of April, 1911, by a decree made with her acquiescence, and as she

acknowledged the receipt of all her share of the income down to July, 1912, I think it must be presumed that she assented to and was bound by the amount of income which was paid to her by the executors as being the full amount of her share of the income receivable from the estate. It is patent therefore that the estate of Sarah Wagman Raynor has not suffered, so far as her income is concerned, and, if the exact payments which she contends should be made by John and Nicholas Wagman had been made by them, her estate would be in no more favorable condition than it is at present.

Now as to the claim of forfeiture by reason of the failure of Nicholas and John to personally pay these legacies:

The payment of the legacies out of the estate simply acted to deplete the amount which would be finally received by Nicholas and John from the estate. They acquiesced upon this accounting in those payments, and in effect have paid the legacies with which they were charged. The intent of the will was, I think, that Laura Losee should receive her annuity; that Flora Wagman should receive her legacy; that Lewis and Sarah should each receive the life use of half of the estate; that the balance should be divided between Nicholas and John. These wishes have been substantially complied with, and no forfeiture has been worked of the shares given to John and Nicholas.

The objections of the contestant must therefore be overruled. The executor should pay to the contestant, Raynor, the one-half of the income of the estate from July 1, 1912, to January 20, 1913, and the balance of the estate should be held by the executor for the use of said Lewis, Nicholas, and John in accordance with the provisions of the fourth and sixth paragraphs of the will.

Taxable costs of the contest should be paid by John H. Raynor, personally.

Decreed accordingly.