ful; but in the case now under consideration the plaintiff has met the requirements; he.has alleged ownership and right to possession, and to·show that the defendant's detention was wrongful he alleges that he, the owner with right to immediate possession, demanded the same, and that the defendant has refused to deliver. This is all that is required, and the defendant, who has interposed a technical demurrer, has failed to appreciate the technical distinction between allegations in reference to title and those in reference to the wrongful detention. It is not a·mistake to be technical in pleadings; much of the criticism of the courts would be obviated if there was a more rigid adherence to technical, which merely means accurate, rules of pleading, but the technical pleader should himself be accurate in his reading of code provisions, which would save a vast amount of work and delay in the disposing of litigation. None of the authorities cited by the appellant have any relation to the pleadings in this case, and the demurrer was properly overruled.

The order appealed from should be affirmed, with costs. All concur; SMITH, P. J., in result.

---

(163 App. Div. 127)

### In re WAGMAN. (No. 176–57.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

WILLS (§ 821*)—CONSTRUCTIONS—CONDITIONS—FORFEITURE.

A will whereby testatrix gave the income of her estate to two persons for life, on condition that they pay certain legacies, and whereby after the death of the life tenants she gave her property to others on condition that they pay such legacies, did not make the payment of the legacies a condition precedent, but gave the estate to the remaindermen, subject to the legacies and the life estate, and the legatees could enforce collection of the legacies as against the remaindermen, and the husband of a deceased life tenant could not invoke a forfeiture because the remaindermen did not personally pay the legacies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119; Dec. Dig. § 821.*]

Appeal from Surrogate's Court, Saratoga County.

Final settlement of the accounts of Lewis S. Wagman, as executor of Rachel Wagman, deceased. From a decree of the Surrogate's Court (143 N. Y. Supp. 408), settling the accounts and construing the will of the deceased, and from an order denying a motion to compel the executor to file a formal inventory, John H. Raynor, executor of Sarah Wagman Raynor, deceased, appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jesse Stiles, of Saratoga Springs, for appellant.
Corliss Sheldon, of Saratoga Springs, for respondent.

WOODWARD, J. The question of importance in this appeal is the proper construction to be placed upon the last will and testament of Rachel Wagman, deceased; it being the contention of the appellant,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as the executor of his wife's last will and testament, that there has been a forfeiture on the part of the residuary legatees under the will of Rachel Wagman, which would operate to increase the estate in his control. The learned surrogate has reached a conclusion contrary to this contention, and appeal comes to this court.

The will in question provides that a cousin of the decedent, Laura A. Losee, shall be paid the sum of $20 at the end of each year and during her natural life; that a sister-in-law, Flora Wagman, shall have $200, "to be paid at the end of two years after my decease, and out of the principal of my estate." This latter bequest has been paid, and no question arises in respect thereto. The will then provides:

"I will and bequeath unto my sister, Sarah Wagman, one-half the use and income of all my real estate and lands wherever situated at the time of my decease, also one-half the use of all my personal property, including notes, bonds, mortgages, etc., during her natural life."

A like provision is made for her brother, Lewis S. Wagman, and then in a separate clause it is provided:

"But this devise and legacy to my sister, Sarah Wagman, and to my brother, Lewis S. Wagman, is made upon the express condition that they pay each of the foregoing legacies."

Obviously, as it is provided that the legacy of $200 to the sister-in-law is to be "paid at the end of two years after my decease *and out of the principal sum of my estate*," it was not the intention of the testatrix that the bequests of the life use to her sister and brother should be conditioned upon their personally paying the $20 annually to the cousin, or the $200 to the sister-in-law. It was rather an admonition to the beneficiaries for life that they should see to it that these small bequests were paid. Being merely life tenants, neither of these persons had any power to pay the $200 "out of the principal sum of my estate," and the language is to be understood not as limiting the gift, but as imposing a duty upon them to see that the sums were paid, and this has been the practical construction placed upon the will by all the parties in interest until after the death of Sarah Wagman, who subsequently married and whose husband is the appellant here. Then follows the sixth clause of the will, and it is upon this that the appellant relies. This provision is as follows:

"I will and request that after the death of my sister, Sarah Wagman, and my brother, Lewis S. Wagman, that my property of whatever nature be divided, share and share alike, between my two brothers, Nicholas Wagman and John Wagman. But this devise and legacy to my two brothers, Nicholas and John Wagman, is made upon the express conditions that they pay each of the foregoing legacies."

It is conceded that neither John nor Nicholas Wagman has personally paid any of the foregoing legacies, and the appellant urges that they have thereby forfeited the bequests made to them. There is no question that the legacies have in fact been paid to the parties mentioned; that Sarah Wagman Raynor duly received and acknowledged having received one-half of the income up to a short time before her death, and that the executors are now ready, willing, and able to pay over to her estate the amount due down to her death, but the appel-

lant insists that, these legacies not having been personally paid by the residuary legatees, there has been a forfeiture; a contention which is only consistent with the theory that the greater is contained within the lesser. The will is not drawn with great accuracy of expression, but it is clear from what preceded the sixth clause that the testatrix did not use the language, "But this devise and legacy * * * is made upon the express condition that they pay each of the foregoing legacies," with any intention of making it a condition precedent that the legacies should be paid by the parties personally. The one of $20, "to be paid at the end of each and every year after my decease and during her natural life," could only be paid as the years came around, and it might extend for years after the vesting of the beneficial interest in the remaindermen, and it is inconsistent with the general policy of the law to make the title to property rest upon such a condition. There was a clear intent to give the estate to Nicholas and John Wagman, subject to the legacies and the life estate in the income, and it is not to be doubted that Laura A. Losee could enforce the collection of the $20 per year as against the remaindermen taking the estate; but to suggest that the appellant, the husband of Sarah Wagman, can invoke a forfeiture because the remaindermen have not personally paid this $20 is absurd. Sarah Wagman accepted the provisions of the will and took the benefits during her lifetime, and after her death she cannot come back in the form of her husband and question the title to the property from which this income was paid to her because some one else has not received her legacy from the remaindermen personally.

"Whenever the will begins with an absolute gift, in order to cut it down the latter part of the will must show as clear an intention in that direction as the prior part does to make it. * * * An estate once devised, or an interest intended to be given, will not be sacrificed on the ground of repugnancy, when it is possible to reconcile the provisions supposed to be in conflict." Goodwin v. Coddington, 154 N. Y. 283, 286, 48 N. E. 729, and authorities there cited; Trask v. Sturges, 170 N. Y. 482, 492, 63 N. E. 534.

Here the fair construction of the language, read in connection with the entire will, is that the gifts are made upon the condition that the legacies shall be paid; that is, that the beneficiaries shall accept the terms of the will, without contest, and permit the payments to be made. It is impossible to intelligently read this will and to read it into an intention on the part of the testatrix that there shall be a forfeiture of the gifts made to the remaindermen for the benefit of the estate of Sarah Wagman. The intent was to give her a life use of one-half of the income, and upon her death her rights in the estate ended absolutely. She was not charged with any duty to Laura A. Losee after her death, or at any time; she was merely required, as a condition of receiving her life income, to permit the payment of $20 per year out of the estate. To give the will the construction contended for by the appellant it was necessary, not only that the remaindermen should personally pay this $20, but that the beneficiaries of the life estates should also pay the $20—a manifest absurdity under the scheme of the will.

The learned surrogate has, we believe, properly imposed the costs upon the appellant personally, and the decree should be affirmed, with costs. All concur.