In the Matter of the Judicial Settlement of the Account of ROBBINS B. SMITH, as Trustee, and of WILLIAM F. CASSEDY, as Substituted Trustee, of the Trust Fund Mentioned in Item " Five " of the Last Will and Testament of EDWARD B. FELLOWS, Deceased, Respondents.

WILLIAM T. MORSE, as Executor, etc., of THEODORE WARD FELLOWS, Deceased, Appellant; ST. LUKE'S CHURCH OF DERRY, NEW HAMPSHIRE, and Others, Respondents.

First Department, July 6, 1923.

Wills — construction — gift of stated sum to son with provision that part is to be paid to him and balance held in trust for his benefit for life — amount held in trust passes to residuary estate on death of son.

The amount bequeathed in a will to be held in trust for the benefit of the testator's son for life with no provision for remainder over passes to the residuary estate of the testator on the death of the son where it appears that the testator gave and bequeathed $25,000 to his son and provided that $5,000 thereof was to be paid to him at a stated time and the remainder to be held in trust during his life; that another provision of the will creating another trust fund distinctly provided for the disposition of the remainder on the death of the beneficiary and that throughout the will the provisions for the distribution of the testator's property disclosed his intention not to dispose of the remainder of the trust fund given to the son.

App. Div. 158]                    First Department, July, 1923.

Furthermore, a gift of the trust fund upon the death of the son not having been made either in words or by clear intent, it must go under the residuary clause of the will.

FINCH, J., dissents, with memorandum.

APPEAL by William T. Morse, as executor, etc., from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 4th day of December, 1922, judicially settling the account of the above-named trustees.

*Henry Gansevoort Sanford,* for the appellant.

*Cassedy & Cassedy* [*William F. Cassedy* of counsel; *Charles F. Brown* with him on the brief], for the trustees, respondents.

*William O. Gantz,* for the respondent St. Luke's Church of Derry, New Hampshire.

DOWLING, J.:

On May 1, 1899, letters testamentary under the last will and testament of Edward B. Fellows, deceased, were issued by the Surrogate's Court of New York county. His will contained the following paragraphs:

" *Three,* I give, devise and bequeath to the said George W. Peters and Robbins Bartell Smith, all my estate both real and personal, wherever situated, in trust nevertheless until my son George Peters Fellows shall arrive at the age of twenty one years or until his death, should he die before that age, for the following uses and purposes I hereby direct them to hold the said estate so far as possible intact until the time aforesaid.

" *Four,* I give and bequeath to my son George Peters Fellows Seventy thousand dollars, twenty thousand thereof shall be paid to him when he becomes of the age of twenty one years and the remainder thereof to wit: Fifty thousand dollars, to be held in trust by my executors and trustees hereinbefore named and they are directed to invest the same in safe interest paying securities, the income thereof to be paid to him semi-annually until he becomes of the age of thirty years.

" *Five,* I give and bequeath to my son Theodore Ward Fellows, residing at Salem, New Hampshire, twenty five thousand dollars, Five thousand thereof to be paid to him the first day of July, A. D. 1900 unless my son above named, George Peters Fellows, should die before the first day of July A. D. 1900, in which event I direct the said sum of Five thousand dollars to be paid to the said Theodore Ward Fellows, as soon thereafter as practicable. The remainder of the said sum to wit Twenty thousand dollars to be held in trust for the said Theodore Ward Fellows during his lifetime and to

be invested in safe interest bearing securities and the income thereof to be paid semi-annually to the said Theodore Ward Fellows during his life time.

" *Six*, I give and bequeath to my sister Abigal C. Peckham, widow, Fifteen thousand dollars.

" *Seven*, I give and bequeath to Mehitable A. Noyes wife of George W. Noyes of Salem, New Hampshire Ten thousand dollars, eight thousand dollars thereof to be held in trust during her lifetime and to be invested in safe interest bearing securities the interest thereof to be paid her during her life and at her death, I direct that the said sum be distributed among my children according to law.

" *Eight*, I give and bequeath to my niece, Viola, wife of Edwin W. Conklin of Plainfield, New Jersey, Five thousand dollars.

" *Nine*, I give and bequeath to the daughter of my niece Viola Percy Conklin, Four thousand dollars.

" *Ten*, I give and bequeath to William Henry H. Tripp, nephew of my first wife, of Scranton, Pennsylvania, One thousand dollars.

" *Eleven*, I give and bequeath to Nettie Tripp, wife of William Henry H. Tripp, One thousand dollars.

" *Twelve*, I give and bequeath to George B. Tripp, son of William Henry H. Tripp and Nettie Tripp, One thousand dollars. .

" *Thirteen*, I give and bequeath to Howard Tripp, son of William Henry H. Tripp, One thousand dollars.

" *Fourteen*, I give and bequeath to the Chapin Home for the aged and Infirm of the City of New York, Three thousand dollars.

" *Fifteen*, I give and bequeath to the New York State Ministerial Relief Fund, commonly known as the Harsen Fund, Three thousand dollars.

" *Sixteen*, I give and bequeath to the Gunn Ministerial Relief Fund of the United States General Convention of Universalist Three thousand dollars.

" *Seventeen*, I give and bequeath to the Clinton Liberal Institute, now at Fort Plain, New York, Three thousand dollars.

" *Eighteen*, I give and bequeath to each of my executors herein-before named, George W. Peters and Robbins Bartelle Smith the sum of Fifteen hundred dollars.

" *Nineteen*, I direct my said executors and trustees to divide the residue and remainder of the said estate into ten equal parts, four of these parts, I direct to be paid to my son George Peters Fellows, two of the parts to be paid to my son Theodore W. Fellows, one part to my sister Abigal C. Peckham, one part to my sister Mehitable A. Noyes, one part to my executor George W. Peters, and one part to my executor Robbins Bartelle Smith."

George Peters Fellows died March 8, 1910, and letters testamentary upon his estate were issued to William F. Cassedy, who was thereafter appointed a trustee under the will of Edward B. Fellows, pursuant to the power vested in the remaining trustee by the 24th paragraph of the will.

Theodore Ward Fellows died January 8, 1922, and letters testamentary were issued to William T. Morse, the appellant herein.

The $5,000 provided for by the paragraph of the will numbered 5 was duly paid to Theodore Ward Fellows. The question now presented upon this appeal is whether the principal of the trust fund of $20,000 is disposed of in the 5th paragraph of the will, or is that fund, upon the death of Theodore Ward Fellows, residuary estate to be distributed to the persons named in the residuary or 19th paragraph of the will.

It seems to me, reading the will as a whole, that the intention of the testator is apparent to give but $5,000 absolutely to Theodore Ward Fellows with a life estate only in the sum of $20,000, the balance thereof remaining on his death to be distributed as part of the residuary estate.

Where the testator gave legacies absolutely, the provision for payment is direct and absolute. (See paragraphs 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18.)

Where he desired to leave the amount of a trust fund to his children, he provided carefully therefor, as in paragraph 7 of his will, which is apparently a bequest of $10,000, but of which $8,000 is to be held in trust only for Mehitable A. Noyes during her life; the sum at her death to " be distributed among my children according to law."

But the 4th and 5th paragraphs contain no such direction for distribution. While they contain bequests of a specific amount, they are so qualified as to show that testator only left a part thereof absolutely, and but a life estate upon the remainder. Thus under paragraph 5, Theodore Ward Fellows is left but $5,000 absolutely, payable on July 1, 1900, unless George Peters Fellows should die sooner, in which event Theodore is to receive the $5,000 at once. As to the remainder of $20,000, he is specifically left only the income thereof for life. Where was that remainder to go upon his death? Not to testator's children, as he carefully provided in the case of the trust fund created for Mehitable in paragraph 7, the provisions of which paragraph show that he did not intend (or think he was making) an absolute gift to her of the whole legacy although the language as to the trust fund is practically identical with paragraphs 4 and 5. The gift of the trust fund not having been made either in

11

words, or by clear intent, to Theodore upon his death, it must go under the residuary clause of the will.

The decree appealed from should be affirmed, with costs to all parties appearing upon this appeal payable out of said fund.

CLARKE, P. J., McAVOY and MARTIN, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting):

It would seem as if the gift here falls within the well-settled rule of law that where a bequest is made of personal property, using the words " give and bequeath " or like words importing an unconditional bequest, it requires a clearly expressed intention in unambiguous language to cut it down. (*Illensworth* v. *Illensworth*, 110 App. Div. 399; *Williams* v. *Boul*, 101 id. 593.) No such clearly expressed intention appears in the case at bar in the paragraph under construction or in the other parts of the will. In fact, the language of the residuary clause including Theodore Ward Fellows as a residuary legatee seems clearly to show an intention to make an unconditional gift to him of $25,000 by clause 5 of the will.

Decree affirmed, with costs to all parties appearing upon this appeal payable out of the trust fund.