> Testator gave A. and D. a certain sum each, and the will stated that he did not give them more because they were already wealthy; and the will provided that the balance of the estate should be divided into two equal shares for two certain beneficiaries. A codicil, which stated that it was to be taken as a supplement and addition to the will, was virtually a repetition of the will, except that it omitted the reason for not giving more to A. and D., and omitted one person from the executors. The codicil provided that, after paying debts "and the legacies mentioned in the above items," the estate should be divided into equal shares, etc. *Held*, that the legacies to A. and D. by the codicil were substitutionary.

> [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1275; Dec. Dig. § 585.*]

Appeal from Surrogate's Court, Orange County.

Judicial proceedings on the account of Caroline Mead Moore, as executrix of the will of Henry D. B. Bailey, deceased. From a judgment of the surrogate, Mary Bailey Dortic appeals. Affirmed.

On the 10th day of January, 1878, Henry D. B. Bailey made his last will and testament as follows:

"I, Henry D. B. Bailey, of the town of East Fishkill, county of Dutchess, state of New York, being of sound and disposing mind, do make, on this tenth day of January, 1878, this my last will and testament.

"Item: I order my executors, hereinafter named, to pay my funeral expenses and my just debts I may be owing at the time of my decease.

"Item: I give and bequeath to Henry Bailey Moore fifteen hundred dollars, and appoint his mother, Caroline Mead Moore, his guardian during his minority.

"Item: I give and bequeath to my niece, Sarah Appleby, wife of Charles Edgar Appleby, five thousand dollars.

"Item: I give and bequeath to my niece, Mary Bailey Dortic, wife of Charles Dortic, five thousand dollars.

"Item: My executors, after paying my funeral expenses, just debts and the legacies named in the above items, shall divide the balance of my property into two equal shares.

"Item: One of the two equal shares I give and bequeath entire unto my niece, Caroline Mead Moore, wife of James Moore, Jr.

"Item: One of the two equal shares I give and bequeath to my nephew, John B. Cooper, and his sister, Elizabeth Cooper, share and share alike.

"Item: In case of the death of any of my heirs, herein named, the share or legacy they would receive, if living, shall go in equal proportions to his or her heirs.

"Item: All former wills made by me are hereby abrogated and of none effect.

"The reason I have not given to my niece, Sarah Appleby, and my niece, Mary Bailey Dortic, but five thousand dollars each, is that they have already become possessed of wealth and do not require any assistance from me now, and are not likely to require it in the future, and trust that they will consent in the propriety of the disposition I have made of my property.

"I hereby appoint my nephew, John B. Cooper, and my niece, Caroline Mead Moore, and Leonard V. Pierce, executors of this my last will and testament.

"In witness whereof, I have hereunto subscribed my name and affixed my seal the tenth day of January, in the year of our Lord one thousand eight hundred and seventy-eight. Henry D. B. Bailey. [L. S.]"

On the 5th day of April, 1905, he made a codicil whereby he appointed an additional executor and in other respects confirmed and republished his said will. On the 13th day of April, 1905, he added a second codicil, which he prefaced with the statement that it was "to be taken as a supplement and addition" to his last will and testament. The said codicil was virtually and almost literally a repetition of the will, except for slight verbal changes, the omission of the statement of the reason for giving to Sarah Appleby and Mary Bailey Dortic but $5,000 each, a provision empowering the executors to sell the real estate, and the omission of John B. Cooper from the executors.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alfred H. Holbrook (Payson Merrill, on the brief), for appellant. Allison Butts, for respondent executrix.

MILLER, J. The question involved in this case is whether the legacies of $5,000 to Sarah Appleby and Mary Bailey Dortic, bequeathed by the codicil, are substitutionary or accumulative. It is undoubtedly the general rule that the repetition of a legacy in the same instrument is substitutionary, and that the repetition of it by a second instrument, as in the case of a will and codicil, is accumulative; but this question, like every one of construction, is one of intention, to be determined from the intrinsic evidence of the documents themselves and the circumstances of the case (Dewitt v. Yates, 10 Johns. 156, 6 Am. Dec. 326; Southgate v. Continental Trust Company, 74 App. Div. 150, 73 N. Y. Supp. 718, 77 N. Y. Supp. 687), which is far from saying that extrinsic evidence may be admitted to show an intention different from that shown by the will itself.

Notwithstanding the general rule and the prefatory statement of the codicil that it is "to be taken as a supplement and addition" to the will, the internal evidence furnished by the will and the codicils conclusively shows that in making the second codicil the testator was engaged in substitution and not in addition. The codicil is complete in and of itself. Its evident purpose was to empower the executors to sell the real estate, and perhaps to drop out one executor. The language of the will is repeated almost literally. Why that was done, in place of merely making the desired changes, is a matter of speculation. If one part of the codicil is to be regarded as "a supplement and addition" to the will, every part must be; whereas it is plain that much of it can only be substitutional—i. e., the provision for the payment of debts, the disposition of the remainders, and the appointment of executors. Aside from the evidence already referred to, the disposition of the remainders by the fifth clause of the codicil is conclusive. The language of that clause, quoted with but slight change from the similar clause in the will, is as follows:

"My executrix and executors, after paying my funeral expenses, just debts and the legacies mentioned in the above items, shall divide the balance of my property into two equal shares."

The words "above items" obviously refer to the earlier provisions of the codicil. After paying the debts and funeral expenses and the legacies mentioned in the codicil, the executors were required to divide the balance of the property into two equal shares and to distribute them as thereafter provided. The words used do not admit of a construction that the balance of the property remaining, after paying the legacies provided for in the codicil, in addition to those provided for in the will itself, should be divided; and thus the internal evidence of an intention to provide for substitution, and not accumulation, becomes conclusive.

The judgment is affirmed.

Decree of the Surrogate's Court of Orange county affirmed, with costs to the respondents, payable out of the estate. All concur.