In the Matter of the Estate of MARY DOOLEY, Deceased.

Surrogate's Court, Kings County, March 8, 1935.

*Roe & Kramer*, for the executors.

*Frederick A. Keck*, special guardian.

*John G. Donovan*, for Jane Dooley.

*Austin, Austin, Wooley & Dupont*, for Loretta Dooley.

*Edward J. McCrossen*, for the Roman Catholic orphan asylum.

*Gillespie & O'Connor*, for the Trustees of St. Patrick's Cathedral.

WINGATE, S. In the absence of a pertinent statute, the question of whether a legatee is entitled to preference in payment of his legacy, where an abatement becomes necessary, is purely one of the intention of the testator. (*Matter of Smallman*, 138 Misc. 889, 892.) Such intent is determinable only from the language of the will itself (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman*, 137 Misc. 113, 114; affd. on opinion of this court, 232 App. Div. 698; *Matter of Quinby*, 134 Misc. 296, 299; *Matter of Shumway*, 138 id. 429, 434) when read in the light of the general circumstances surrounding the testator at the time of its execution (*Matter of Fairchild*, 138 Misc. 363, 365; *Matter of Stulman*, 146 id. 861, 865; *Matter of Weil*, 151 id. 841, 844), and any statements of the testator bearing upon his intention as therein clearly expressed are inadmissible on fundamental principles. (*Matter of Gurlitz*, 134 Misc. 160, 162; *Matter of Richardson*, Id. 174, 181; *Matter of Shumway*, 138 id. 429, 432; *Matter of Patterson*, 139 id. 872, 875; *Matter of Schrier*, 145 id. 593, 595.)

In the case at bar preference is claimed for a legacy reading: " I give and bequeath unto John Riley  *  *  *  the sum of Two thousand ($2000.00) dollars."

The sole basis of the claim is certain statements alleged to have been made to the parents of the legatee " that this legacy was intended to provide for his college education."

If actually made, these statements could do no more than indicate that testatrix's intent was to give a general legacy for a specific purpose which is classifiable only on a par with any other general

legacy (*Wetmore* v. *St. Luke's Hospital*, 56 Hun, 313, 321; *Matter of Smallman*, 138 Misc. 889, 897; *Matter of Tuozzolo*, 141 id. 251, 253); but further than this, the only effect of such testimony being to indicate testamentary intent, it would be inadmissible for the purpose of varying the clear import of the language employed.

The motion to strike out this objection of the special guardian must, therefore, be granted.

Proceed accordingly.