In the Matter of the Estate of FLORENCE D. KELLOGG, Deceased.

Surrogate's Court, Kings County, September 28, 1935.

*Benjamin Cohn,* for the petitioner.

*John H. Noll,* for Susan A. Darling, legatee.

*Coombs & Wilson,* for the Industrial Home for the Blind and another, legatees.

WINGATE, S. The question of testamentary interpretation here propounded concerns the sum which Susan A. Darling is entitled to receive under the will and codicils of this testatrix.

All three instruments contain internal evidence of competent draftsmanship although their authorship has not been disclosed. The will and first codicil both bear the date of August 31, 1928, but are witnessed by different individuals. The second codicil is dated November 10, 1928.

The will contains twenty-seven numbered items, twenty-two of which bequeath general legacies of varying amounts to twenty-

five individuals and charities. The gifts in the items numbered fifth to tenth, inclusive, are in identical language except for the differences in the names and address of the legatees and the amounts of the bequests. Item ninth, which is presently in controversy, is typical. It reads: "I give and bequeath to my friend, Miss Susan A. Darling, 657-a Macon Street, Brooklyn, N. Y., Three thousand dollars (3,000.00)."

The first codicil contains five numbered items. The first revokes the bequest contained in item sixth of the will of $3,000 to Marilla E. Harris; the second revokes the bequest in item eighth of the will of $1,000 to Lillian McAndrews; the third bequeaths a specified mortgage to Lillian McAndrews in lieu of the previous gift and the fourth is a legacy of $3,000 to Susan A. Darling, the wording of which wholly corresponds with that of the ninth item of the will.

The fifth item reads: "In all respects, except as herein modified or changed, I hereby republish and redeclare, ratify and confirm my said Last Will and Testament, dated August 31, 1928, as modified or changed by this Codicil thereto, and hereby publish or declare the said Will so dated August 31, 1928, as modified or changed by said Codicil to be my last Will and Testament."

The second codicil also contains five items. The first revokes the legacy contained in the seventh item of the will; the second substitutes a son for a father as residuary legatee under the twenty-fifth item; the third and fourth substitute this son for his father as a coexecutor, and the final one accomplishes a general ratification and reaffirmation of the will and first codicil except as therein changed.

The propounded question is as to whether the gifts in identical language to Susan A. Darling in the will and codicil are to be considered cumulative.

It is, of course, primary that in determining the testamentary intent, a will and all of its codicils are to be construed as a single unit. (*Caulfield* v. *Sullivan*, 85 N. Y. 153, 160; *Matter of Greenberg*, 141 Misc. 874, 877; affd., 236 App. Div. 733; affd., 261 N. Y. 474.)

Were the two gifts of different things, as, for example, a general legacy in the will and a specific gift of certain jewelry in the codicil, it is hardly to be supposed that any one would have the temerity to question the right of the legatee to take under both. The present case is in principle identical.

The leading statement of the principles governing a situation like the present was enunciated by Chief Judge KENT in *DeWitt* v. *Yates* (10 Johns, 156, 158) as follows: "The general rule, on this subject * * * appears evidently to be, that where the sum is repeated, in the same writing, the legatee can take only one of the sums bequeathed. The latter sum is held to be in a substitu-

tion, and they are not taken cumulatively, unless there be some evident intention that they should be so considered, and it lays with the legatee to show that intention and rebut the contrary presumption. But where the two bequests are in *different instruments*, as by will in the one case, and by a codicil in the other, the presumption is in favour of the legatee, and the burden of contesting that presumption is cast upon the executor. The presumption either way, whether against the cumulation, because the legacy is repeated in the same instrument, or whether in favour of it, because the legacy is by different instruments, is liable to be controlled and repelled by internal evidence, and the circumstances of the case."

This statement, of course, means merely that a rebuttable presumption of fact arises from the repetition of a gift in a single instrument, that the legatee takes once only, while such gift contained in separate instruments raises a like inference that the legatee takes both. This principle has received uniform application in the determinations in this State in which the question has arisen. (*Matter of Moore*, 131 App. Div. 213, 215; *Southgate* v. *Continental Trust Co.*, 36 Misc. 415, 419; affd., 74 App. Div. 150; affd., 176 N. Y. 588; *Matter of Wade*, FOLEY, S., 120 Misc. 480, 482; *Matter of Kelly*, SLATER, S., 153 id. 445, 448. See, also, *Rickets* v. *Livingston*, 2 Johns. Cas. 97, 100.)

Of course, the task of attempting to rebut either inference may not be prosecuted by the introduction of " extrinsic evidence * * * to show an intention different from that shown by the will itself." (*Matter of Moore*, 131 App. Div. 213, 215; *Matter of Dooley*, 154 Misc. 743, 744, and authorities cited.) In this, as in every other branch of will construction, the testamentary intent is determinable solely from the words of the probated documents when read in the light of the circumstances surrounding the testator at the time of their execution. (*Matter of McCafferty*, 142 Misc. 371, 372; affd., 236 App. Div. 678; *Matter of Weil*, 151 Misc. 841, 844.)

Since, in the present instance, no extraneous evidence has been introduced, the determination of whether there is present any indication sufficient to rebut the inference that the legatee is entitled to both gifts, must be sought in the will and codicils alone. Their perusal satisfies the court not only that none exists, but a study of the three documents affirmatively indicates that the testatrix desired the legatee to receive the double benefit.

The execution of codicils which modify the terms of a will ordinarily demonstrates a knowledge of the contents of the will, and the similar execution of a second codicil indicates a like knowledge of

the contents of the first. (*Nexsen* v. *Nexsen*, 2 Keyes, 229, 233; *Matter of Finch*, 115 App. Div. 871, 875.) In the case at bar this inference is strengthened by the fact that of the six substantially identical gifts to different persons in items fifth to tenth of the will, two were revoked by the first codicil and one by the second. These changes show a clear and continued knowledge by the testatrix of the provisions of the several documents, which strengthens the usual legal inference that when she provided dual gifts for the legatee in question, she intended that the beneficiary should receive them. Finally, the second of these two gifts of $3,000 was made simultaneously with the deletion of a legacy of a like sum to Marilla E. Harris, which had formerly been directed by the sixth item of the will. The result of the first codicil in this regard, therefore, amounted merely to a transfer of this $3,000 gift from Mrs. Harris to Miss Darling.

It must, therefore, be determined that the gifts to Miss Darling in the will and codicil were intended as separate and distinct benefits, and that both are to be paid *pari passu* with other general legacies bequeathed by the will and codicils.

Enter decree on notice.