In the Matter of the Estate of NATHAN FRIEDMAN, Deceased.

Surrogate's Court, Kings County, September 16, 1936.

*Benjamin Ribman,* for Michael Friedman, one of the executors, petitioner-accountant.

*Benjamin Ribman,* for Anna Friedman, widow and coexecutor who appears and adopts account.

*Frost & Howell* [*Bernard Jenkin* of counsel], for Milton Friedman and Helen Friedman, legatees named in the fourth item of the will.

*James P. Collins,* special guardian for infant legatees named in the fourth item of the will.

WINGATE, S. The petition of the coexecutor to resign will be granted on the basis of the reasons assigned therefor.

Whereas the testimony adduced on probate, upon which the claimants under item fourth of the will seem to place some reliance, may have been admissible in that proceeding, it is wholly inadmissible in a proceeding for construction of the document and may not be taken into consideration in such connection. (*Matter of Dooley,* 154 Misc. 743, 744; *Matter of Richardson,* 134 id. 174, 181.) As a result, in the present instance there is merely the testamentary instrument itself from which the wish of the decedent may be ascertained.

By the second item of the will, the decedent devises and bequeaths all of his property to his widow, " the same to be hers absolutely and forever."

The fourth item, which has precipitated the present controversy, reads as follows: " It has been my wish and desire to make some provision for the four children now living of my brother Michael Friedman and my niece Eleanor Lanes: however, in order not to impair the working capital of the co-partnership at this time, *I deem it advisable not to make any specific bequests.* It is therefore my desire that my wife, Anna Friedman pay to each of them the sum of $2,000.00 at such time as she in her discretion may see fit, taking into consideration the availability of such funds from future profits that she may realize from the partnership." (Italics not in original.)

It is a familiar and habitually applied principle of testamentary interpretation that an unambiguous gift or direction in one part of a will is not to be circumscribed by a subsequent one which is not equally as explicit. (*Matter of Rooker,* 248 N. Y. 361, 364; *Tillman* v. *Ogren,* 227 id. 495, 505; *Roseboom* v. *Roseboom,* 81 id. 356, 359; *Matter of Rossiter,* 134 Misc. 837, 841; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Stulman,* 146 Misc. 861, 877;

*Matter of Burroughs,* 155 id. 237, 240; *Matter of Van Brunt,* 159 id. 105, 108.)

The strongest position which can be adopted on behalf of the persons described in the fourth item is that the language therein is in conflict as to devolutionary desire with that contained in the second. Neither they nor any one else would, however, have the temerity to assert that the statement of a past desire to benefit, an expression of intent " not to make any specific " which unquestionably means " express " " bequests," and the remission of the question of any benefit whatsoever to the discretion of the wife, is as explicit as the absolute earlier gift of all property to the w fe, " the same to be hers absolutely and forever."

Unquestionably, as noted in *Phillips* v. *Phillips* (112 N. Y. 197, 204) an expression of a " wish " may in certain connections and under proper surrounding circumstances be tantamount to an express gift. Such, however, can obviously not be the present case, since as noted by the italicizing of certain words in the foregoing excerpt, the testator has expressly said that he does not make any bequest to the persons to whom reference is made.

Their representative argues that it was the intention to conserve the estate merely for the preservation of the business, and since its interest in the business is to be sold, the previous indefiniteness of the discretionary time of payment becomes fixed and the obligation for its exercise becomes absolute. This argument wholly overlooks the last clause of the item which reads, " taking into consideration the availability of such funds," namely, for the payment of the discretionary benefits, " from future profits that she may realize from the partnership." This phraseology is strongly indicative of an intent that the funds to be used for the purpose, if any, should be merely " future profits " accruing to the widow from the partnership, and not any part of the principal funds themselves. The sale of the interest in the business definitely precludes the possibility of any such " future profits   *   *   *   from the partnership " coming into the hands of the widow and thereby automatically eliminates the sole fund contemplated by the testator as the source of such discretionary payments.

It would serve no good purpose to analyze at length and distinguish the various decisions construing diverse language of other testators which have been cited in the several briefs. (*Matter of Watson,* 262 N. Y. 284, 297; *Matter of Weissman,* 137 Misc. 113, 114; affd., on opinion of this court, 232 App. Div. 698; *Matter of McCafferty,* 142 Misc. 371, 373; affd., 236 App. Div. 678; *Matter of Corlies,* 150 Misc. 596, 597, 598; affd., 242 App. Div. 703; *Matter of Crespi,* 158 Misc. 383, 384.) Suffice it to note that none are

based on language, general form of will and surrounding circumstances of the testator such as are presently at bar, and none enunciate general principles at variance with those hereinbefore discussed.

The court accordingly determines that no express rights are given to any person within the description of item fourth of the will, and that the receipt by them of any benefit whatsoever is wholly within the discretion of the widow.

Enter decree on notice in conformity herewith.