In the Matter of the Construction of the Will of
JOHN W. EVERETT, Deceased.
Surrogate's Court, Richmond County, October 31, 1951.

*Francis A. McAnaney* for Elizabeth Everett, as executrix of John W. Everett, deceased, petitioner.

*Tachna, Pinkussohn & Baumann* for Everett W. Hansen, claimant.

BOYLAN, S. This is a proceeding to construe the will of the testator. It is dated April 14, 1937, was prepared by Edward M. Seguine, an attorney, and the provisions sought to be construed read as follows:

" SECOND: All the rest, residue and remainder of my property, both real and personal, and wheresoever situated I give, devise and bequeath to my wife ELIZABETH EVERETT for her own use for the term of her natural life and I direct that said ELIZABETH EVERETT shall not be required to give any inventory thereof, nor any security for the safe-keeping of the same.

" THIRD: Subject to the gift thereof for life to my said wife, ELIZABETH EVERETT, I give, devise and bequeath all of the rest, residue and remainder of my property, both real and personal to my daughter FRIEDA HANSON."

It is undisputed that by the terms of the will a legal life estate in his property was given by the testator to his widow, Elizabeth Everett. The question to be determined is, did the testator intend to confer upon his widow the power to invade or dispose of the principal for her own use and enjoyment during her lifetime. I hold that he did not so intend.

The widow contends that when the testator used the word " inventory " in the second paragraph of the will he used the same in place and stead of the word " accounting ". She further contends that as she has no duty to account, the testator must have intended that she could use as much of the principal of the estate as she wished, even if it resulted in the consumption of the entire principal and interest. The court does not agree with this contention.

Technical or legal words employed in a will are presumed to have been used in their settled legal meaning unless the contrary is manifest and it will be presumed that the testator used words in the meaning which the law attaches to them. In construction, such words must be given their ordinary meaning (*Matter of Wells,* 129 Misc. 447). When particular or technical terms are used, particular or technical interpretation or construction follows as of course, in the absence of all clear intent to the contrary (*Matter of Barrett,* 141 Misc. 637). In determining the meaning to be placed on technical words used, the court should consider whether the will was drawn by a lawyer (*Overheiser v. Lackey,* 207 N. Y. 229). If so, the court will feel constrained to adhere strictly to its terms (*Matter of Barrett,* 141

Misc. 637, *supra*; *Adams* v. *Massey*, 184 N. Y. 62; *Matter of Leonard*, 143 Misc. 172). It is presumed that the lawyer used the language employed in its technical ordinary legal import (*Matter of Myers*, 98 Misc. 108). The will of the testator was prepared by an attorney, Edward M. Seguine. The word "inventory" has a definite and technical meaning in law (see Surrogate's Ct. Act, §§ 195–199). The draftsman apparently had these sections in mind and used the word "inventory" so as to prevent numerous, harassing and embarrassing applications by his wife's step-daughter, pursuant to the sections mentioned above.

Where the will in unambiguous language gives a specific estate, it will not be amplified or lessened by subsequent provisions unless it is apparent it was the intention of the testator so to enlarge or lessen it (*Tillman* v. *Ogren*, 227 N. Y. 495; *Banzer* v. *Banzer*, 156 N. Y. 429; *Adams* v. *Massey*, 184 N. Y. 62, *supra*; *Roseboom* v. *Roseboom*, 81 N. Y. 356). This cannon of construction applies to the situation in the present estate. A life estate was expressly given to the widow. It may not be enlarged except by unambiguous language. The words following this primary disposition do not clearly indicate such intent. If anything, the subsequent language used by the testator denotes the limited character of the estate given to his widow. Paragraph Third does not bequeath the property remaining at the time of his widow's death, but bequeaths "all of the rest, residue and remainder of my property". Had the testator intended that his widow have the right to invade the principal, the will, considering it was drawn by a lawyer, should have said so in plain terms and not left it to conjecture. Even if the testator used broader language to the effect that upon the death of his widow any residue should be given to his daughter, this court, under the authority of *Matter of Taylor* (149 Misc. 705), would not grant the right to invade the principal.

Submit decree on notice construing the will in accordance herewith.