Christopher C. McGrath, S.
A construction of the decedent’s will and codicil is necessary in this executor’s accounting. Testatrix left a last will and testament dated June 14, 1954 and a codicil dated October 27, 1955. The same attorney prepared both instruments which were duly admitted to probate on April 4, 1956.
The following are the pertinent provisions of the will and codicil concerning which construction is required: Paragraph “ fipth (d) ” of the will:
“(d) I give and bequeath to my daughter, ruth kamil, forty (40%) percent of my said residuary estate in trust nevertheless, in the manner hereinafter set forth.”
Paragraph “ seventh ” of the will:
“seventh: The share of my said daughter, ruth kamil, shall be held in trust by my Trustees hereinafter named, to invest and re-invest the same and to receive the rents, profits and income thereof, and to pay the net income thereof to her at the rate of One Hundred ($100.00) Dollars per month.
‘ ‘ I further direct my Trustees that in the event the income from the said trust fund shall be insufficient to provide the said sum of One Hundred ($100.00) Dollars per month, then my Trustees are expressly authorized and directed to invade the corpus of said trust fund so as to make up the said sum of One Hundred ($100.00) Dollars per month; until such trust fund shall have been exhausted, the said income shall be payable to my said daughter, ruth kamil, for the period of her natural life and in the event of hér death before the trust fund shall have been exhausted, then the remainder shall be divided among my other two children and granddaughter, share and share alike.
“ I further direct my Trustees to invade the principal of said trust fund to any extent they, in their discretion, may deem advisable should an emergency arise in the life of my said daughter, ruth kamil, such as serious illness, domestic difficulties, or other like emergencies, and pay such sum or sums as they may deem advisable to my said daughter, ruth kamil.
“ I hereby declare that I empower my said Trustees to exercise such discretion unfettered by any restrictions and their determination with respect to existence of such emergency shall be conclusive upon all the beneficiaries of this my Last Will and Testament, and they are hereby authorized to act thereon as if I myself were living and disposing of my own property.”
Paragraph “ fifth ” of the codicil:
“ I hereby modify the bequest to my daughter, ruth kamil, contained in subdivision ‘ (d) ’ of paragraph “ fifth ” of my *405 said Last Will and Testament, so as to decrease her share from (40%) percent of my said residuary estate, in trust nevertheless, to Twenty (20%) percent of my said residuary estate.”
The question presented for decision is whether the trust set up for Ruth Kamil by paragraphs ‘‘ fifth (d) ” and “ seventh ” of the will has been revoked by the language of paragraph “ fifth ” of the codicil so that she receives 20% of the residuary estate outright and free from the provisions of paragraph “ seventh ” of the will. It is argued on behalf of the objectant, Ruth Kamil, that when the codicil reduced the objectant’s share by the use of the language “ to twenty (20%) percent of my said residuary estate ’ ’ it had the additional effect of eliminating and destroying the trust provisions of paragraph “ seventh ” of the will. The court is unable to agree with this argument.
It is a fundamental principle that a will and codicil are one testamentary instrument and are to be construed as a single unit (Caulfield v. Sullivan, 85 N. Y. 153, 160; Matter of Greenberg, 141 Misc. 874, affd. 236 App. Div. 733, affd. 261 N. Y. 474; Matter of Kellogg, 156 Misc. 703). Moreover, the rule is well settled that the provisions of a will should not be disturbed or destroyed further than is necessary to give effect to the codicil unless its language clearly requires that result (Herzog v. Title Guar. & Trust Co., 177 N. Y. 86; Hard v. Ashley, 117 N. Y. 606; Viele v. Keller, 129 N. Y. 190; Redfield v. Redfield, 126 N. Y. 466; Matter of Miller, 201 Misc. 279).
In the case at bar the construction urged by the objectant would have the court accept the language in paragraph “ fifth ” of the codicil not only as a reduction of the objectant’s share in the estate but as a means of eliminating the carefully worded provisions contained in paragraph “ seventh ” of the will. The arguments advanced by the objectant to sustain her position are not in harmony with the recognized authorities on the problem involved herein.
In Adams v. Massey (184 N. Y. 62) the Court of Appeals was called upon to resolve a conflict between an earlier clause which gave a life estate and a later provision which attempted to make an absolute gift to the same person. In reversing the judgment of the Appellate Division which had affirmed the trial court’s holding that the later clause prevailed, the Court of Appeals at pages 69 to 70 said: “ If there is no doubt as to the meaning of the earlier clause, while there is doubt as to the meaning of the later, so that either of two constructions is possible, that construction will be adopted which will give effect to both. Doubt as to the meaning of the last clause, instead of destroy *406 ing the limitation in the first, confirms it. An express limitation cannot be cut down by a clause of doubtful meaning.” (See, also, Tillman v. Ogren, 227 N. Y. 495; Banzer v. Banzer, 156 N. Y. 429; Roseboom v. Roseboom, 81 N. Y. 356; Matter of Everett, 200 Misc. 637, 639.)
In order to sustain the viewpoint of the objectant and accomplish a result more satisfactory to her, the court would be required to make a new will for the testatrix by deforming her expressed meaning and intent. This the court is without power to do.
Besides the principles heretofore set forth which the court deems controlling in the case at bar, two additional factors fortify the result reached by the court.
It is to be noted that in paragraph “ fifth ” of the codicil, the testatrix expressly modified subdivision (d) of paragraph “ fifth ” of her will to decrease the objectant’s share in the estate from 40% to 20%. Subdivision (d) of paragraph “ fifth ” merely fixes the amount which is to form the corpus of her trust and is inexorably bound up with paragraph “ seventh ” of the will which sets forth the terms and conditions of the trust for her benefit. It is thus evident that the codicil reduces the amount of the corpus of the trust but does not expressly revoke paragraph “ seventh ” of the will which created the trust. Had the testatrix intended to destroy the trust set up under paragraph 11 seventh ’ ’ of the will, the codicil drawn by an experienced and competent lawyer of long .standing, would have said so in plain terms and not left it to conjecture (Matter of Everett, supra).
It is also to be observed that paragraph “ sixth ” of the codicil reads as follows: “ In all other respects, except as hereinabove expressly modified, I do hereby ratify and confirm my said Last Will and Testament dated the fourteenth day of June, in the year One Thousand Nine Hundred and Fifty-four.” (Italics added.)
This court has no right to ignore the use by the testatrix of the phrase “ except as hereinabove expressly modified.” As Judge Cardozo said in Matter of Buechner (226 N. Y. 440, 443): “ Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be consistent and significant.”
It is therefore the opinion of the court that the objectant receives 20% of the residuary estate subject to the provisions of the trust set forth in paragraph ‘‘ seventh ” of the will.
Settle decree construing the will and codicil accordingly.