John D. Bennett, J.
As the above caption indicates, the petitioner has requested a construction of the will. The petition places emphasis upon article second of the codicil and what is in form a renunciation of all interest in the estate executed by the decedent’s widow in the City of Lima, Peru.
First of all, lest any doubt exist or question be raised hereafter as to the validity of the widow’s renunciation on the documentary evidence filed, it is determined by the court to have been validly made, served and filed in accordance with EPTL 3-3.10.
The petitioner requests the court to make a determination *588 that the renunciation by the widow accelerates the remainder of the trust created by article second of the decedent’s codicil. The testamentary plan of the decedent was first expressed in his will and then altered by the codicil less than five months later. The will gave all of the residuary estate to his two named sisters absolutely and without any qualification or limitation whatever. The codicil did not revoke those absolute gifts but only directed the estate representatives to set apart from the "net estate” such amount as the widow "would be entitled to receive under Section 5-1.1 of the Estates, Powers and Trusts Law of the State of New York”. The codicil then grants such "amount” to the said sisters "as trustees” to be held in trust to pay the income to his widow during her lifetime and the remainder to the sisters "on her death.”
There are five or more principles of law which are thus brought into play and after carefully considering the same the court has reached the conclusion that application of some principles involved could either thwart the paramount intention of the testator or the rights and prerogatives of the parties involved. The court finds, however, that the widow has intentionally refrained from responding to the citation served upon her and intentionally defaulted thereby indicating that she makes no claim against the estate or any of the other parties interested. She has, moreover, intentionally disclaimed and renounced all rights to any part of this estate as clearly evidenced in the document which she signed in Lima, Peru, now on file, witnessed by the American Consul there.
Counsel for the petitioner argues that the legal effect of the said document as a "renunciation” under EPTL 3-3.10 is to accelerate the remainder of the afore-mentioned trust and that the court should determine that the corpus of the trust should be paid immediately to the sisters as remaindermen under subdivision c of article second of the codicil. Counsel’s argument could be sustained upon good legal authority including Matter of Fordham (235 NY 384), Matter of Slade (79 Misc 2d 578), and Matter of Schloessinger (70 Misc 2d 206) but the court finds in favor of the petitioner for different reasons as discussed below.
Both the will and the codicil have been carefully considered as a single unit and effect has been given so far as possible to both instruments (Caulfield v Sullivan, 85 NY 153, 160; Matter of Greenberg, 141 Misc 874, affd 236 App Div 733, affd 261 NY 474). A well-settled rule also applied here is that "provi *589 sions of a will should not be disturbed or destroyed further than is necessary to give effect to the codicil unless its language clearly requires that result” (Matter of Goldberg, 9 Misc 2d 403, 405; citing Herzog v Title Guar. & Trust Co., 177 NY 86; Hard v Ashley, 117 NY 606; Viele v Keller, 129 NY 190; Redfield v Redfield, 126 NY 466; Matter of Miller, 201 Misc 279). Further (pp 405-406) quoting Adams v Massey (184 NY 62, 69-70): " 'If there is no doubt as to the meaning of the earlier clause, while there is doubt as to the meaning of the later, so that either of two constructions is possible, that construction will be adopted which will give effect to both. Doubt as to the meaning of the last clause, instead of destroying the limitation in the first, confirms it. An express limitation cannot be cut down by a clause of doubtful meaning.’ See, also, Tillman v. Ogren, 227 N. Y. 495; Banzer v. Banzer, 156 N. Y. 429; Roseboom v. Roseboom, 81 N. Y. 356; Matter of Everett, 200 Misc. 637, 639.)”
In view of the absolute gift to the sisters and the direction in the codicil which requires the executor to set apart an uncalculated share for the widow only "[I]f at the time of my death I am married to Marie Valle de Osher”, the court invokes the provisions of EPTL 3-3.10 which gives the renunciation the same effect as though the widow had predeceased the testator. In other words, consistent with the manifested intent of the testator as well as of the widow, the situation and both instruments must be treated as though she had predeceased and the parties at the time of his death were not "married.”
In view of this determination it is unnecessary to explore or consider those cases which deal with "spendthrift” trusts or whether the widow had a right of election as dealt with in Matter of Collins (13 NY2d 194) and Matter of Benin (31 AD2d 747). The outright gifts to the sisters coupled with the disclaimer prevent any trust from being created since there is no corpus to be "set apart.”
The court has examined many additional cases which it would serve no useful purpose to mention here since this is the only equitable and proper determination to be made here because it will satisfy not only the petitioner but also the widow and give full effect to testator’s manifest intention.
The statement of the unanimous Court of Appeals in Matter of Rosenzweig (19 NY2d 92, 99) is particularly apropos here (with a slight change indicated here in brackets): "The real *590 problem with this case was that the testator * * * never thought about what would occur if his wife chose to exercise her right of [disclaimer]. It is no doubt true * * * that if the testator had considered it, the will might have been quite different * * *. Our job as Judges, however, is not to rewrite wills but articulate rational rules of law which will hopefully achieve reasonable and just results in most cases.” To the same effect is Matter of Fabbri (2 NY2d 236).
Chapter 861 of the Laws of 1977 was enacted into law on August 11, 1977 and repealed EPTL 3-3.10 effective one year later, substituting a new statute, EPTL 2-1.11 to take its place, combining the right to renounce intestate as well as testamentary and trust agreement benefits. The new statute provides, among other things, that the filing of a renunciation under that section "shall have the effect of accelerating the possession and enjoyment of subsequent interests” (subd [d]). It is also provided: "This section shall not abridge the right of any beneficiary or any other person to * * * release or renounce any property or interest therein arising under any other section of this chapter or other statute or under common law” (subd [h]).
The court makes no other comments regarding the same except to note that it may represent a change in public policy and reaffirmation of the common-law principle that a testamentary beneficiary may not be forced without his consent to accept and receive a benefit sought to be conferred by the will.
The sisters are entitled to the entire residuary estate and the provisions of the will and the codicil should not be given any effect that would cut down or limit the gifts to them.